Floyd W. Bybee, #012651
Law Office of
Floyd W. Bybee, PLLC
4445 E. Holmes Ave., Ste. 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie John David, Jr.;<br><br>    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>    Defendant. | No.<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

### I.  Preliminary Statement

1.  Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA").  In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages and statutory damages,

together with reasonable attorney's fees and costs expended herein.

## II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the

FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. Jurisdiction

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV. Parties

9. Plaintiff is an individual and resident of Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt.
11. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).
12. Defendant Portfolio Recovery Associates, LLC is a limited liability company domiciled in the State of Delaware.
13. Portfolio regularly collects or attempts to collect debts owed or asserted to be owed or due another.
14. Portfolio regularly collects or attempts to collect debts which it has purchased after default.
15. Portfolio is a "debt collector" as defined by FDCPA § 1692a(6).

### V. Factual Allegations

16. Sometime prior to March 2007, Portfolio allegedly acquired a debt from Citibank which Plaintiff owed.
17. Plaintiff opened the credit card account with Citibank in 1994.
18. Plaintiff used the Citibank account for personal, family or household purposes.

19. Plaintiff subsequently fell behind on his payments and ultimately defaulted on the Citibank debt in 1997.
20. Citibank charged off the alleged debt in January 1998.
21. In or about March 2007, Portfolio assigned the account to Jerold Kaplan Law Office, PC for collection.
22. On April 13, 2007, Portfolio filed suit against Plaintiff in the North Mesa Justice Court alleging that Plaintiff owed $1,747.09, plus interest and attorney's fees.
23. Attached to the Justice Court Complaint was an affidavit dated March 27, 2007 and signed by Lecinda Shipmon-Walker, an employee of Portfolio.
24. At the time Portfolio filed the Justice Court Complaint, the alleged debt was stale at over nine years old, and well beyond the applicable statute of limitations.
25. Plaintiff was served with the Justice Court complaint on April 22, 2007.
26. On April 25, 2007 Portfolio through its attorneys mailed Plaintiff a letter and a proposed Stipulation and Order of Judgment.
27. The Stipulation and Order of Judgment provided that Plaintiff stipulate to a total judgment of $3,776.07, which included $1,532.21 for interest accrued at 10% through April 24, 2007.
28. Upon receipt of the complaint, immediately sought the assistance of an attorney.
29. Plaintiff was referred to attorney Mary Jo Clark by the Volunteer Lawyers Program in Maricopa County.

| | | |
|---|---|---|
|1|30.|Plaintiff hire Ms. Clark to represent him regarding the Portfolio debt.|
|2|31.|On April 26, 2007, Ms. Clark faxed a letter to Portfolio's attorney|
|3| |stating that she represented Plaintiff in the matter.|
|4|32.|On October 5, 2007, Portfolio filed for default judgment against|
|5| |Plaintiff giving notice only to Ms. Clark.|
|6|33.|Portfolio obtained a default judgment against Plaintiff on February 13,|
|7| |2008.|
|8|34.|Upon learning that Portfolio had obtained a judgment against him,|
|9| |Plaintiff immediately hired new counsel to represent him in the|
|10| |Justice Court action.|
|11|35.|By stipulation, the default judgment was set aside by the Justice Court|
|12| |on March 13, 2008.|
|13|36.|As a result of Defendant's outrageous actions as outlined above,|
|14| |Plaintiff has suffered damages including, but not limited to, costs and|
|15| |attorney's fees expended in connection with the justice court action,|
|16| |emotional distress, embarrassment, humiliation, headaches, upset|
|17| |stomach, depression, sleeplessness, inability to concentrate, and other|
|18| |severe emotional distress.|
|19|37.|Defendant's actions taken here were intentional, willful, and in gross|
|20| |or reckless disregard of Plaintiff's rights and part of its persistent and|
|21| |routine practice of debt collection.|
|22|38.|In the alternative, Defendant's actions were negligent.|
|23| |VI.  Causes of Action|
|24| |a.  Fair Debt Collection Practices Act|
|25|39.|Plaintiff repeats, realleges, and incorporates by reference the foregoing|

1  paragraphs.

2  40. Defendant's violations of the FDCPA include, but are not necessarily
3  limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f,
4  and 1692f(1).

5  41. As a direct result and proximate cause of Defendant's actions in
6  violation of the FDCPA, Plaintiff has suffered actual damages.

### VII.  Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

### VIII.  Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

    a)    Statutory damages of $1,000 pursuant to §1692k;

    b)    Actual damages in an amount to be determined by trial;

    c)    Costs and reasonable attorney's fees pursuant to §1692k; and

    d)    Such other relief as may be just and proper.

DATED __March 26, 2008__.

 s/ Floyd W. Bybee
Floyd W. Bybee, #012651
Law Office of
Floyd W. Bybee, PLLC
4445 E. Holmes Ave., Ste. 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

- 6 -